UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

VERONICA S. AKPAN                            :
                                             :
v.                                           :   C.A. No. 22-00267-JJM
                                             :
RHODE ISLAND HOSPITAL, alias,                :
and LIFESPAN CORPORATION, alias              :

**MEMORANDUM AND ORDER**

Pending before me for determination (28 U.S.C. § 636(b)(1)(A)) is Plaintiff's Motion to Strike Objections and Compel Discovery Responses. (ECF No. 16). Defendants filed an Objection. (ECF No. 18). Plaintiff filed a Reply. (ECF No. 20). Based on a thorough review of the parties' lengthy submissions, Plaintiff's Motion is GRANTED in part and otherwise DENIED as provided herein.

Plaintiff worked for Rhode Island Hospital as a nurse for nearly twenty-five years. She was hired in 1995. She suffered a work-related injury in 2013 and had a break in service related to a lengthy medical leave. She was rehired in 2015 and ultimately terminated from employment in 2020 for an alleged HIPAA violation. She alleges race and age discrimination and retaliation. The parties have widely divergent views of the appropriate breadth of discovery which has resulted in the instant dispute.

Defendants argue that discovery should be narrow because this case "revolves" around a single incident in 2020 that led to Plaintiff's termination, and that the "focus" of Plaintiff's Complaint is on the alleged bad acts of Erin Truman, a Clinical Manager who became Plaintiff's direct supervisor when she was rehired in 2015. In support of their disproportionality argument, Defendants also point out that the Commission for Human Rights administratively found no

probable cause of discrimination when it preliminarily reviewed this matter, that the labor union representing Plaintiff chose not to file a grievance on her behalf challenging the grounds for her termination, and that, in any event, Plaintiff has only limited back pay damages since she found a new, higher-paying nursing position in early 2022. Finally, Defendants accurately point out that several of Plaintiff's allegations of organization-wide conduct are conclusory, speculative, and solely based "on information and belief."

Plaintiff counters that this is plainly not a single incident discrimination case and thus she is entitled to broad organization-wide and "pattern and practice" discovery. Plaintiff asserts that, "as the only Black, African American woman of Nigerian descent in her unit (and one of Defendants' oldest employees [age sixty-one when terminated]), she was subjected to constant discrimination and a hostile workplace in favor of younger and/or White women in the workplace beginning in or about early 2015." (ECF No. 20 at p. 3). The Complaint alleges that Ms. Truman became Plaintiff's direct supervisor in April 2015 and contains specific factual allegations of Ms. Truman's purported discriminatory and retaliatory acts. However, as previously noted, when the Complaint alleges that there was a "concerted effort" to get rid of Plaintiff and that Ms. Truman took certain acts in concert with or at the behest of others, it is generally nonspecific and apparently based on speculation and surmise. Plaintiff presumably seeks to fill in those blanks, if possible, through the disputed discovery requests.

In ruling on this discovery dispute, I am guided primarily by the relevance and proportionality parameters laid out in Rule 26(b) as applied to the claims and defenses presented in the pleadings to date.[1] In addition, I am mindful of the dictates of Rule 1 and the Court's

---

[1] The parties debate the precedential value of a March 31, 2023 Text Order denying Defendants' prior Motion for Protective Order. I find that it has little, if any, relevance to the instant dispute. It involved a subpoena served on a third party and implicated the stringent Rule 26(c) good cause standard. In addition, there was no objection raised by the third party and thus a significant question about whether Defendants even had standing to pursue the Motion.

important role in securing the "just, speedy, and inexpensive" administration of cases. With these principles in mind, my rulings on the particular discovery requests in issue is set forth below. Also, my ruling is grounded, in part, by the practical observation that, if there was some concerted or systemic effort to discriminate or retaliate against Plaintiff as she alleges, such conduct would presumably have to have been implemented by the supervisors and HR representative named in the Complaint and/or already disclosed in discovery who dealt directly with Plaintiff. Thus, discovery directed at those individuals should uncover at least some evidence indicative of whether they took actions with the involvement and direction of others if such was the case. If any such substantiating evidence is uncovered, Plaintiff may seek leave to conduct broader follow-up discovery.

Further, the facts and claims plead in this Complaint, although serious, present no more than a garden-variety discrimination and retaliation claim, and do not directly support the system-wide, pattern and practice claims suggested by Plaintiff. If Plaintiff's wide-ranging discovery requests were endorsed in this case, then every garden-variety discrimination case would be entitled to such broad discovery which is simply not contemplated by the rules. In addition, such discovery in this case involving a large hospital with thousands of employees and a healthcare network made up of several hospitals, and numerous specialty clinics and medical practices would clearly implicate proportionality concerns.

    **A.    Interrogatories**

2.    Defendants shall supplement their response by describing the centralization, if any, of the human resources function among Lifespan partners including Rhode Island Hospital.

3.    DENIED subject to Defendants' ongoing obligation to supplement if any additional individuals are identified that are responsive. See Rule 26(e)(1), Fed. R. Civ. P.

5.     DENIED.

10.    DENIED.

11.    Defendants shall supplement their response and provide the requested information for Ms. Bautista, Mr. Smith, Ms. Truman, and Ms. Farquhar.

17.    Defendants shall supplement their response and provide the requested information for employment-related reports or complaints concerning Ms. Bautista, Mr. Smith, Ms. Truman, and Ms. Farquhar, and limited to the period 2015 to present.

18.    DENIED.

20.    DENIED.

**B.     Document Requests**

33.    Defendants shall produce Ms. Truman's disciplinary and performance review records.

34.    If not included in the workplace profile already produced by Defendants, they shall produce documents showing the age and race of the nurses hired to work in Plaintiff's former unit from the date of her termination to present.

35-36.  Defendants shall produce investigatory and disciplinary records for all Rhode Island Hospital employees disciplined or terminated from 2015 to present for violating HIPAA provisions or policies, or patient/healthcare information privacy policies.

38-39.  Defendants shall produce the requested records for the nurses employed in Plaintiff's former unit from 2015 to present.

40, 45-46.  Defendants shall produce the requested documents for employment-related reports or complaints concerning Ms. Bautista, Mr. Smith, Ms. Truman, and Ms. Farquhar, and limited to the period 2015 to present.

11, 22, 26, 28-29, and 32.  Plaintiff's claim of a misleading "document dump" in response to these requests is unsupported.  Given the specific nature of these requests, the particular responsive documents should be easily identifiable.  If Plaintiff's counsel identifies any specific document that he is unable to categorize, he shall confer in good faith with Defendants' counsel to ascertain the particular request to which the document is responsive and Defendants' counsel shall cooperate and respond to such a request in good faith.

SO ORDERED

   /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 11, 2023